56,585-02

19 June, 2015

To Clerk of Court of

Criminal Appeals of Texas

P.O. Box 12308, Capitol Station

Austin, Texas 78711

RE: Petitioner, Response to State's Supplemental Answer to Applicant's
Application for Writ of Habeas Corpus, Requesting for Out-of-Time-Appeal.
Trial No. 11-CR-1517-G, James Hinojosa Vs. The State of Texas.

Dear Clerk,

Enclosed , you will find a copy of the above metioned document, Please
file this and bring it to the attention to court, copies have been forwarded
by U.S. Mail to all parties, Also, could you please send me notice of filing
with Date-Stamp on this letter and return a file copy to me at my address
below.

THANK YOU FOR YOUR VERY KIND CONSIDERATION AND EXPEDITIOUS REPLY
CONCERNING THIS MATTER.

Sincerely,

James Hinojosa

cc/File

JH/jm

319th Judicial District Court,

District Attorney's Office

Nueces Co. Courthouse

TDCJ-ID# 1807828

Coffield Unit

2661 F M 2054

Tennessee Colony, Texas 75884

RECEIVED IN
COURT OF CRIMINAL APPEALS

JUN 29 2015

Abel Acosta, Clerk

IN THE COURT OF CRIMINAL APPEALS
IN
AUSTIN, TEXAS


Writ No._____
Trial No.11-CR-1517-G

| | | |
|---|---|---|
| EX PARTE | § | IN THE DISTRICT COURT |
| JAMES HINOJOSA | § | 319th JUDICIAL DISTRICT |
| | § | NUECES COUNTY, TEXAS |


Petitioner, Response to State's Supplemental Answer to Applicant's Application for Writ of Habeas Corpus, Requesting for Out-of-Time-Appeal.

To The Honorable Justices of The Court of Criminal Appeals.

Now Comes, James Hinojosa, petitioner and submits this said motion in response to State's General Denial. The petitioner, Request for Out-of-Time, Appeal has merit, that would entitle petitioner, to relief.


I.

STATEMENT OF THE CASE

The petitioner entered a plea of not Guilty to the Offense of Aggravated Kidnapping, and the Jury found the Defendant Guilty, and Sentenced to Fifteen years Confinement to Texas Department of Criminal Justice Institutional Division.


II.

REASONS FOR NOT TO DENY THIS WRIT FOR AND OUT-OF-TIME-APPEAL

The State has failed to offer any evidence that the petitioner, Knowingly and Voluntarily Waived his rights to Appeal. See: The attached State's Exhibit (1), The Judgment will show that their is no Signed Waiver of Appeal.

On page 4 of the State's supplemental answer it stated that applicant, lacks credibility, and that he waited three years to bring this claim to the court.

On the 8th of February, 2013 , The applicant send a letter to the Honorable Judge , Thomas Greenwell, of the 319th District Court, the Judge FAX'S the letter to Trial Attorney Mr. Mark Gonzalez , 4/5/13, See; The attached Exhibit (2) The Letter send to the Judge. The petitioner did make an inquiry to the status of his appeal. See: The attached Exhibit (3) State's Motion to Compel Applicant's Trial Counsel to Respond and to set Deadline for receipt of Affidavit., See: attached Exhibit (4) Mark Gonzalez,Affidavit which states that he consulted and advised the petitioner of the process of a Request for an out of time appeal ,Why would Trial Attorney suggest to the petitioner to file for out of time appeal, so why would Trial Attorney suggest such a thing why not give notice of appeal.

### III.

Exhibit (5) Motion To Supplement and Amend The Original Application For Writ of Habeas Corpus, Requesting for Out-of-Time-Appeal.

Supplement and amend Ground One: Trial Attorney failed to render effective assistance of counsel by failure to give notice to Pursue an Appeal.

Supplement and amend Ground Two: The Trial Court Failed to protect the defendant right to meaningful and Full Direct Appellate Review which Denied him Access to Courts.

### EVIDENTIARY HEARING IS NEEDED

This case raise the question of the right to appeal, evidentiary hearing is necessary in addressing thess issues if he was or not admonish by the court of his right to appeal, and if counsel gave notice of appeal or not, also if the petitioner Signed a Waiver not to Appeal.

### CONCLUSION

Wherefor Petitioner, summits his Response to State's Supplemental Answer to Applicant's Application for Writ of Habeas Corpus, Requesting for Out-of-Time-Appeal, and Decide the issuse in a just and fair manner and Grant the petitioner such relief the Law Permits, In the Interest of Justice.

Respectfully Submitted

Petitioner, Pro.Se
James Hinojosa
TDCJ-ID# 1807828
Coffield Unit
2661 F M 2054
Tennessee Colony,Texas 75884


## INMATE'S DECLARATION

I, James Hinojosa, am the petitioner and being presently incarcerated, at the Coffield Unit, 2661 F M 2054, Tennessee Colony,Texas 75884, declare under penalty of perjury that according to my belief, the facts stated in this Response to State's Supplemental Answer to Applicant's Application for Writ of Habeas Corpus, Requesting for Out-of-Time-Appeal, are true and correct to the best of my knowledge.


Signed on  1 9 June,2015

Signature of Petitioner.


## CERTIFICATE OF SERVICE

This is to certify that on  1 9  June, 2015, that a true and correct copy of this Response to Supplemental Answer to Applicant's Application for Writ of Habeas Corpus, has been mail to Court of Criminal Appeals in Austin,Texas and 319th Judicial District Court, also the District Attorney's Office Nueces Co. Courthouse, By U.S. Mail postage paid.

Signature of Petitioner



Exhibit 1

STATE'S
EXHIBIT
1

PENGAD 800-631-6989

CASE NO. 11-CR-1517-G    COUNT SINGLE
INCIDENT NO./TRN: 9192800823

| THE STATE OF TEXAS | § | IN THE 319TH DISTRICT |
| | § | |
| V. | § | COURT |
| | § | |
| JAMES HINOJOSA | § | NUECES COUNTY, TEXAS |
| | § | |
| STATE ID NO.: TX06185441 | § | |

## JUDGMENT OF CONVICTION BY JURY

| Judge Presiding: | HON. THOMAS F. GREENWELL | Date Judgment Entered: | 8/1/2012 |
| Attorney for State: | JOE MIKE PENA | Attorney for Defendant: | MARK GONZALEZ |

Offense for which Defendant Convicted:
**AGGRAVATED KIDNAPPING**

| Charging Instrument: INDICTMENT | Statute for Offense: 20.04 Penal Code |

Date of Offense:
**5/4/2011**

| Degree of Offense: 1ST DEGREE FELONY | Plea to Offense: NOT GUILTY |
| Verdict of Jury: GUILTY | Findings on Deadly Weapon: YES, A FIREARM |
| Plea to 1st Enhancement Paragraph: TRUE | Plea to 2nd Enhancement/Habitual Paragraph: N/A |
| Findings on 1st Enhancement Paragraph: TRUE | Findings on 2nd Enhancement/Habitual Paragraph: N/A |
| Punished Assessed by: JURY | Date Sentence Imposed: 8/1/2012 | Date Sentence to Commence: 8/1/2012 |

Punishment and Place of Confinement: FIFTEEN (15) YEARS INSTITUTIONAL DIVISION, TDCJ

THIS SENTENCE SHALL RUN CONCURRENTLY WITH 11-CR-3354-G, 11-CR-3219-G OF NUECES COUNTY, TEXAS, AND FEDERAL CASE NO. 2:12CR00163-001.

☐ SENTENCE OF CONFINEMENT SUSPENDED, DEFENDANT PLACED ON COMMUNITY SUPERVISION FOR N/A .

| Fine: $ 2,000.00 | Court Costs: $464.00 | Restitution: $ N/A | Restitution Payable to: ☐ VICTIM (see below)  ☐ AGENCY/AGENT (see below) |

Sex Offender Registration Requirements do not apply to the Defendant. TEX. CODE CRIM. PROC. chapter 62.

The age of the victim at the time of the offense was N/A .

If Defendant is to serve sentence in TDCJ, enter incarceration periods in chronological order.

**306-Days**

Time Credited:

| From | to | From | to | From | to |
| From | to | From | to | From | to |

If Defendant is to serve sentence in county jail or is given credit toward fine and costs, enter days credited below.

DAYS NOTES:

All pertinent information, names and assessments indicated above are incorporated into the language of the judgment below by reference.

This cause was called for trial in Nueces County, Texas. The State appeared by her District Attorney.

**Counsel / Waiver of Counsel (select one)**

☒ Defendant appeared in person with Counsel.
☐ Defendant knowingly, intelligently, and voluntarily waived the right to representation by counsel in writing in open court.
    It appeared to the Court that Defendant was mentally competent and had pleaded as shown above to the charging instrument. Both parties announced ready for trial. A jury was selected, impaneled, and sworn. The INDICTMENT was read to the jury, and Defendant entered a plea to the charged offense. The Court received the plea and entered it of record.

The jury heard the evidence submitted and argument of counsel. The Court charged the jury as to its duty to determine the guilt or innocence of Defendant, and the jury retired to consider the evidence. Upon returning to open court, the jury delivered its verdict in the presence of Defendant and defense counsel, if any.

The Court received the verdict and ORDERED it entered upon the minutes of the Court.

## Punishment Assessed by Jury / Court / No election (select one)

☒ **Jury.** Defendant entered a plea and filed a written election to have the jury assess punishment. The jury heard evidence relative to the question of punishment. The Court charged the jury and it retired to consider the question of punishment. After due deliberation, the jury was brought into Court, and, in open court, it returned its verdict as indicated above.

☐ **Court.** Defendant elected to have the Court assess punishment. After hearing evidence relative to the question of punishment, the Court assessed Defendant's punishment as indicated above.

☐ **No Election.** Defendant did not file a written election as to whether the judge or jury should assess punishment. After hearing evidence relative to the question of punishment, the Court assessed Defendant's punishment as indicated above.

The Court FINDS Defendant committed the above offense and ORDERS, ADJUDGES AND DECREES that Defendant is GUILTY of the above offense. The Court FINDS the Presentence Investigation, if so ordered, was done according to the applicable provisions of TEX. CODE CRIM. PROC. art. 42.12 § 9.

The Court ORDERS Defendant punished as indicated above. The Court ORDERS Defendant to pay all fines, court costs, and restitution as indicated above.

## Punishment Options (select one)

☒ **Confinement in State Jail or Institutional Division.** The Court ORDERS the authorized agent of the State of Texas or the Sheriff of this County to take, safely convey, and deliver Defendant to the Director, Institutional Division, TDCJ. The Court ORDERS Defendant to be confined for the period and in the manner indicated above. The Court ORDERS Defendant remanded to the custody of the Sheriff of this county until the Sheriff can obey the directions of this sentence. The Court ORDERS that upon release from confinement, Defendant proceed immediately to the PAROLE DIVISION, TDCJ. Once there, the Court ORDERS Defendant to pay, or make arrangements to pay, any remaining unpaid fines, court costs, and restitution as ordered by the Court above.

☐ **County Jail—Confinement / Confinement in Lieu of Payment.** The Court ORDERS Defendant immediately committed to the custody of the Sheriff of          County, Texas on the date the sentence is to commence. Defendant shall be confined in the County Jail for the period indicated above. The Court ORDERS that upon release from confinement, Defendant shall proceed immediately to the          . Once there, the Court ORDERS Defendant to pay, or make arrangements to pay, any remaining unpaid fines, court costs, and restitution as ordered by the Court above.

☐ **Fine Only Payment.** The punishment assessed against Defendant is for a FINE ONLY. The Court ORDERS Defendant to proceed immediately to the Office of the          County . Once there, the Court ORDERS Defendant to pay or make arrangements to pay all fines and court costs as ordered by the Court in this cause.

## Execution / Suspension of Sentence (select one)

☒ The Court ORDERS Defendant's sentence EXECUTED.

☐ The Court ORDERS Defendant's sentence of confinement SUSPENDED. The Court ORDERS Defendant placed on community supervision for the adjudged period (above) so long as Defendant abides by and does not violate the terms and conditions of community supervision. The order setting forth the terms and conditions of community supervision is incorporated into this judgment by reference.

The Court ORDERS that Defendant is given credit noted above on this sentence for the time spent incarcerated.

## Furthermore, the following special findings or orders apply:

Pursuant to article 42.12, Section 3g, Code of Criminal Procedure & HB156 (77R) the court affirmatively finds that the Defendant used or exhibited a deadly weapon, namely, a firearm, during the commission of a felony offense or during immediate flight therefrom or was a party to the offense and knew that a deadly weapon would be used or exhibited.

Signed and entered on ___August 7, 2012___.

_Thomas J Greenwell_
_____
JUDGE PRESIDING

Exhibit 2

Honorable Thomas Greenwell
Of 319 Th District Court
Re: Cause #11-CR-1517- G
Hinojosa V. State of Texas

Dear honorable Judge Of Said court,

I am the defendant in the above cause #. On August 1 St of 2012, I was found guilty of the offense aggravated kidnapping and punishment was assessed at 15 years confinment in TDCJ-ID. this was a trial by jury, this was not a plea bargain case. Approxeamately 6 months have passed since I was convicted and I have yet been appointed an attorney to represent me on my appeal. At least not that I am aware of. My trial attorney Mark Gonzalez informed me that I would be able to appeal my affirmative finding of a deadly weapon and that the court would automatically appoint me an appeal attorney. I have recently discovered from "jailhouse lawyers" that my appeal process is past filing deadline. However during the past 6 months, due to advice from my trial attorney, i was under the impression that my appeal was in progress. And that it was a matter of right. I never filed or signed anything waiving my appeal rights and I never informed the court that I did not want an appeal. I also read that my trial attorney can not be officially discharge of his duty until he files my notice of appeal which is apparently past due. If he didn't file it. On the same day I was found guilty of the aggravated kidnapping case. I also pled guilty to a drug offense for 10 years to be run concurrent with the aggravated kidnapping. I do vaguely remember giving up my rights to appeal the drug charge but at no time did I gave up my rights to appeal the aggravated kidnapping conviction. If I did, it was unknowingly and wasn't explained properly to me. I took the aggravated kidnapping to trial. I obviously would want to appeal it, if found guilty.

I respectfully ask the court to inform me of the status of my appeal in the above cause. If any status exists. If not I should be granted opportunity to file an appeal, due to the fact someone made a mistake and did not file it. Nor does a record exists that shows I waived the right.

If a decision has been rendered on my appeal, I know nothing of its existence nor the results of the process.

Please respond
ASAP

Respectfully submitted,

James Hinojosa #1607828
Wayne Scott Unit
6999 Retrive Road
Angleton, Tx. 77515

Fax to Mark Gonzalez 4/5/13

Inmate Unsworn Declaration

I James Hinojosa, defendant in the above mentioned cause, hereby declare under penatly of perjury that the above mentioned statements are true and correct according to my belief.

Executed ----/signature/----

On this 8 th day of February 2013.

Exhibit 3

11-CR-1517-G

| | | |
|---|---|---|
| EX PARTE | § | IN THE DISTRICT COURT |
| | § | |
| JAMES HINOJOSA | § | 319th JUDICIAL DISTRICT |
| | § | |
| TDCJ ID # 1807828 | § | NUECES COUNTY, TEXAS |

## STATE'S MOTION TO COMPEL APPLICANT'S TRIAL COUNSEL TO RESPOND AND TO SET DEADLINE FOR RECEIPT OF AFFIDAVIT

Comes now the State of Texas, by and through its Assistant District Attorney for the 105th Judicial District of Texas and pursuant to article 11.07 Section 3(b) of the Texas Code of Criminal Procedure, and files its Motion to Compel Applicant's Trial Counsel to Respond and to Set a Deadline for Receipt of counsel's Affidavit in the above-styled application for writ of habeas corpus. In support thereof, the State would show the following:

The Applicant, James Hinojosa, filed the present application which was received by the State on December 15, 2014 alleging ineffective assistance of counsel, Mark Gonzalez. **Habeas Application.** The State responded that it needed and had requested an affidavit from counsel addressing the Applicant's claims. **State's Answer.**

On December 15, 2014, the State spoke with Mark Gonzalez and asked him to provide an affidavit addressing the Applicant's claims. Mr. Gonzalez said he would provide that affidavit. The State left copies of the application as well as an interrogatory listing the issues that required his response at the front desk of the Nueces County District Attorney's Office.

1

On December 29, 2014 the State spoke with Mr. Gonzalez who said that he had forgotten to do the affidavit because of the holidays. Mr. Gonzalez promised that he would submit the affidavit by the end of the week.

On January 6, 2015 the trial court entered an Order Designating Issues (ODI) to be resolved, namely whether the Applicant had presented a cognizable and meritorious claim of ineffective assistance of counsel. **Order Designating Issues**. This ODI suspended all deadlines to allow time for submission of counsel's affidavit which is vital to the disposition of the Applicant's claims.

On January 8, 2015, the State attempted to contact Mr. Gonzalez to no avail. The State learned from a prosecutor that he would be in the 319th District Court at 1:30 PM. The State hand-delivered the application materials and interrogatories to Mr. Gonzalez in the 319th District Court.

On April 27, 2015, the State attempted to contact Mr. Gonzalez to no avail. The State left a message for him at his answering service.

On April 28, 2015, the State attempted to contact Mr. Gonzalez to no avail. The State left a message for him at his answering service.

On May 5, 2015, the State spoke to Mr. Gonzalez and informed him that it had been several months since he promised to provide his affidavit and also that the deadline for the Court to resolve all fact issues was only weeks away. Mr. Gonzalez said that he is in trial in the 347th District Court all week so he will be at the courthouse and he will file that affidavit by Friday, May 8, 2015.

On May 12, 2015, the State spoke with Mark Gonzalez who promised that he would turn the affidavit in tomorrow, May 13, 2015.

On May 13, 2015, the State attempted to contact Mr. Gonzalez to no avail. The State left a message for him at his answering service.

On May 14, 2015, the State attempted to contact Mr. Gonzalez to no avail. Counsel's number said his mailbox was full and could not take messages.

2

On May 15, 2015, the State attempted to contact Mr. Gonzalez to no avail. The State left a message on his voicemail telling him that it was filing the present motion, that it had been several months since he promised to provide an affidavit, and that we are out of time. The State also left a message at his answering service.

The State is unable to adequately respond to the Applicant's application without an affidavit from Mark Gonzalez responding to the Applicant's claims of ineffective assistance. The State has made all efforts to secure a response from counsel, but it is now obvious that counsel does not intend to file his affidavit despite his repeated promises to do so. It has been almost 6 months since counsel promised to deliver the affidavit. Because of counsel's delay, the Court now only has until June 15, 2015, for counsel to have filed his affidavit, for the State to draft its Supplemental Answer utilizing that affidavit and making its recommendation to the Court, for the Court to resolve all fact issues, make its findings of fact conclusions of law and recommendations, and to deliver all materials to the Texas Court of Criminal Appeals for final disposition. An order from the Court is needed to compel the submission of the needed affidavit by date certain, and the State now asks that the Court order Mr. Gonzalez to respond.

### Prayer

For the foregoing reasons, the State respectfully requests that the trial court: (1) enter an order compelling attorney Mark Gonzalez to respond to the Applicant's ineffective assistance claims; and (2) set a deadline for the submission of his affidavit. This motion is not sought for the purposes of delay but so that the Applicant's trial attorney may have the opportunity to respond to the Applicant's

3

allegations and thereby enable the State to answer the Applicant's claims of ineffective assistance of counsel.

Respectfully submitted,

James Odell
State Bar No. 24063601
Assistant District Attorney
105th Judicial District of Texas
901 Leopard, Room 206
Corpus Christi, Texas 78401
Telephone: (361) 888-0410
Facsimile: (361) 888-0399
Email: james.odell@nuecesco.com
ATTORNEY FOR THE STATE

THE STATE OF TEXAS,
COUNTY OF NUECES.

BEFORE ME, the undersigned authority, on this day personally appeared James Odell who, being by me duly sworn, did on his oath depose and say that he is an attorney for the State in the above-styled proceedings, that he has read the foregoing State's Motion, and that the facts stated therein are true and correct to the best of his knowledge and belief.

James Odell

SUBSCRIBED AND SWORN TO BEFORE ME on the 15th day of May, 2015.

IDA G. RANGEL
Notary Public
STATE OF TEXAS
My Comm. Exp. 10-25-2016

Notary Public, State of Texas

4

## CERTIFICATE OF SERVICE

I hereby certify that a courtesy copy of the foregoing State's Motion was delivered to support staff this _15_ day of May, 2015, to be mailed to the Applicant *pro se*:

James Hinojosa
TDCJ ID # 1807828
H. H. Coffield Unit
2661 FM 2054
Tennessee Colony, TX 75884

Via First Class U.S. Mail

_____
James Odell

5



Exhibit 4

STATE'S
EXHIBIT
C

PENGAD 800-631-6989

RECEIVED

MAY 2 7 2015

NUECES COUNTY
DISTRICT ATTORNEY'S OFFICE

## AFFIDAVIT OF MARK A. GONZALEZ

| | | |
|---|---|---|
| **STATE OF TEXAS** | § | |
| | § | |
| **COUNTY OF NUECES** | § | |

MARK A. GONZALEZ, appeared in person before me today and stated under oath:

"My name is MARK A. GONZALEZ, I am above the age of eighteen years and I am fully competent to make this affidavit.

On *Cause No. 11-CR-1517-G; State of Texas vs. James Hinojosa*; by signature below I MARK A. GONZALEZ state that I consulted and advised Mr. Hinojosa the process of a Request for an out of time appeal and provided information with regards to the potential witness Jerry Winterroth:

- I consulted with Mr. Hinojosa the meaning and effect of the judgment rendered by the court;

- I informed Mr. Hinojosa his right to appeal the judgment;

- I informed Mr. Hinojosa the process in filing an appeal and the importance of filing the notice in a timely manner;

- Mr. Winterroth was available to testify;

- Mr. Winterroth's testimony would not have been beneficial to the defense in this case;

- Mr. Winterroth's testimony would have been detrimental to the defense of this case.

I further state that Jerry Winterroth was a co-defendant and by law I could not call him as a

1

witness to testify because he would have plead his rights to the Fifth (5th) Amendment.

The facts stated in this affidavit are within my personal knowledge and are true and correct.

_____
MARK A. GONZALEZ

SUBSCRIBED AND SWORN TO BEFORE ME by the said MARK A. GONZALEZ, on this the 2nd day of _____, 2015, to certify which witness my hand and seal of office.

VELMA SANTOS
My Commission Expires
February 28, 2018

_____
Notary Public, in and for
The State of Texas

2

Exhibit 5

11-CR-1517-G

| | | |
|---|---|---|
| EX PARTE | § | IN THE DISTRICT COURT |
| JAMES HINOJOSA | § | 319th JUDICIAL DISTRICT |
| | § | NUECES COUNTY, TEXAS |

Petitioner, Motion To Supplement and Amend The Original Application For Writ of Habeas Corpus, Requesting for Out-of-Time-Appeal.

To The Honorable Court of 319th Judicial District.

Now Comes, James Hinojosa, petitioner and submits this motion to supplement and amend the original application for writ of habeas corpus, requesting for Out-of-Time-Appeal.

## I.
### STATEMENT OF THE CASE

The petitioner entered a plea of not Guilty to the Offense of Aggravated Kidnapping, and the Jury found the Defendant Guilty, and Sentenced to Fifteen years Confinement to Texas Department of Criminal Justice Institutional Division.

### SUPPLEMENT AND AMEND GROUND ONE:

Trial Attorney failed to render effective assistance counsel by failure to give notice to Pursue an Appeal.

### FACTS SUPPORTING GROUND ONE:

The petitioner will explained and show why, petitioner, should be allowed for Out-of-Time-Appeal. The petitioner is layman of the Law and can't be held to the same standard's as licensed attorney. Even though a defendant who has pleaded not guilty has an absolute right to appeal under Article 44.02, Texas Code of Criminal Procedure. Counsel, whether retained or appointed he has the responsibility to make sure that the defendant is aware of his appellate rights.

GROUND ONE CONTINUES:

In our adversary system of Justice, the Lawyers and Judges, by the very nature of their duties, find daily partnership in this quest for Justice. It is their joint professional responsibilities to see that an orderly appellate process is achieved. No accused should be denied his right of appeal, Justice requires that the exercise of his right of appeal, must be held within frame work of the Rules of Appellate Procedure. See: Morris Vs. U.S. 503 F.2d. 457, 458, 459 ( 5th. Cir. 1974 ), stating that a direct appeal from a criminal conviction is a matter of right.

The court reporter's records should so reflect, If Trial Attorney gave notice of appeal in open court or not. See: Chapman Vs. U.S. 469 F.2d.634 (5th Cir.1972). The Court Ordered a hearing to see if the attorney had abandoned the defendant's appeal or neglected to inform the defendant that he had a right to appeal.


SUPPLEMENT AND AMEND GROUND TWO:

The Trial Court Failed to protect the defendant right to meaningful and Full Direct Appellate Review which Denied him Access to Courts.


FACTS SUPPORTING GROUND TWO:

A criminal defendant must not be made to forfeit substantial legal rights inregard to an appeal. A thorough examination of the court reporter's records should indicate if the Trial Court Admonish the Defendant of his right to appeal. Failure to advise you of your right to appeal, See: Thomas Vs.Beto, 423 F.2d.642 (5th.Cir.1970); Ex Parte Axel, 757 S.W.2d. 369 (Tex.Crim.App.- 1988). If you were indigent and had a court-appointed attorney, the attorney or the Court must advise you of; (1) your right to appeal; (2) the procedure and time limits involved; and (3) your right to appointment of counsel on appeal if you are indigent. If the court reporter's records show, that he was denied, right to appeal, then he is entitled to appropriate relief in this Habeas Corpus Proceeding.

2

## INMATE'S DECLARATION

I, James Hinojosa, am the petitioner and being presently incarcerated, at the Coffield Unit, 2661 FM 2054, Tennessee Colony, Texas 75884, declare under penalty of perjury that according to my belief, the fact stated in this Motion To Supplement and Amend The Original Application For Writ of Habeas Corpus, Requesting for Out-of-Time-Appeal, are true and correct to the best of my knowledge.

Signed on _19_ February, 2015

_____
Signature of Petitioner, Pro.Se


## CERTIFICATE OF SERVICE

This is to certify that on _19_ February, 2015, that a true and correct copy of the Motion To Supplement and Amend The Original Application For Writ of Habeas Corpus, Requesting for Out-of-Time-Appeal, has been mail to the Clerk of the District Court of the 319th Judicial District of Nueces County, P.O. Box 2987, Corpus Christi, Tx 78403. By U.S. Mail postage paid.

Respectfully Submitted

_____
Petitioner, Pro.Se

EVIDENTIARY HEARING IS NEEDED

This case raise the question of the right to appeal, evidentiary hearing is necessary in addressing his issues if he was or not admonish by the court of his right to appeal, and if counsel gave notice of appeal or not.

CONCLUSION

Wherefor Petitioner, summits Motion To Supplement and Amend The Original Application For Writ of Habeas Corpus, Requesting for Out-of-Time-Appeal, and Decide the issuse in a just and fair manner and Grant the petitioner such relief the Law permits, In the Interest of Justice.

Respectfully Submitted

Petitioner, Pro.Se
James Hinojosa
TDCJ-ID# 1807828
Coffield Unit
2661 FM 2054
Tennessee Colony, Tx. 75884